UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| THERESA L. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 25-063-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| ANN PETTY, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**\*\*\*  \*\*\*  \*\*\*  \*\*\***

Plaintiff Theresa Washington is a resident of Covington, Kentucky. Proceeding without an attorney, Washington has filed a Complaint and a motion for leave to proceed *in forma pauperis*. [Record Nos. 1 and 2] The financial information provided suggests she lacks sufficient assets or income to pay the filing and administrative fees in this case.

After conducting an initial screening of Washington's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the matter will be dismissed for numerous reasons. Initially, Washington's factual allegations are not "simple, concise, and direct," as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure. Instead, they are written in a confusing narrative format that is difficult to follow. [*See* Record No. 1 at 2-4; Record No. 1-1 at 1-6.] Although Washington is clearly complaining about an ongoing child custody dispute involving her nephew, the allegations made against each of the named defendants—particularly those put forth in the six-page attachment to her Complaint—are exceedingly hard to track. [*See id.*]

Along similar lines, Washington failed to state her various claims in separate numbered paragraphs as contemplated by Rule 10(b) of the Federal Rules of Civil Procedure. This failure

-1-

makes it difficult to discern precisely which legal claims Washington is pursuing against which defendants, further undermining her submission.

Moreover, as presently drafted, Washington's Complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  When asked what rights Washington alleges the defendants violated, she cites "Rule 23," the "federal laws of Kentucky," and "the probable cause of harm suffered from emotional, psychological, [and] financial harm," among other things.  [Record No. 1 at 4]  These claims, however, are plainly not cognizable.  Washington also parenthetically cites 42 U.S.C. § 1983 and suggests that at least some of the defendants violated her due process rights [Record No. 1 at 3-4], but she does not provide intelligible factual allegations to state such a claim for relief.  And to the extent that Washington is seeking relief under certain state tort laws [*see id.* at 4], the Court declines to exercise supplemental jurisdiction over such claims.  *See Booker v. City of Beachwood*, 451 F. App'x 521, 522-23 (6th Cir. 2011) (explaining that, once the district court resolves all federal claims, the balance of considerations generally points to dismissing any remaining state law claims).

And dismissal of Washington's Complaint is appropriate for other reasons.  As best as the Court can discern, Washington is trying to collaterally attack a child custody dispute that is ongoing in state court.  [*See* Record No. 1 at 7 (citing multiple state cases, including at least three different matters that are pending in family court).]  However, the United States Court of Appeals for the Sixth Circuit has repeatedly made clear that "[f]ederal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce." *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Danforth v. Celebrezze*, 76 F. App'x 615, 616

(6th Cir. 2003) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). Next, even if this Court had jurisdiction, it would abstain from resolving this matter, given that the family court cases remain ongoing, and Washington also indicated that she recently filed another lawsuit in state court dealing with the same facts raised in this action. [*See* Record No. 1 at 7 (citing a civil action she filed against the same parties in Kenton County Circuit Court).] Since Washington apparently has numerous related state cases pending, principles of federalism dictate that her various claims should be raised and resolved by the state courts without interference from this Court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Tindall v. Wayne Cnty. Friend of the Ct.*, 269 F.3d 533, 538 (6th Cir. 2001). Accordingly, it is hereby

        **ORDERED** as follows:

        1.     Plaintiff Washington's motion for leave to proceed *in forma pauperis* [Record No. 2] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

        2.     Washington's Complaint [Record No. 1] is **DISMISSED** without prejudice.

        3.     This action is **DISMISSED** and **STRICKEN** from the docket.

        Dated: May 12, 2025.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky